CLARK, J.,
dissenting.
|TI believe permanent disbarment, rather than disbarment, is the appropriate sanction for respondent’s misconduct. Respondent knocked his father down twice, broke his father’s finger, and prevented his father from calling 911. Additionally, for a fifty-dollar charge, he created a false MRI report for a client he represented on a drug charge, altering the name, the billing number, and the MRI date of the original MRI report. Respondent committed perjury when he explained the forgery as “test[ing]” his abilities “of using the computer and creating a document.” When asked if he knew his drug client would take the altered MRI report and use it to obtain illegal drugs, respondent denied having such knowledge; however, he later admitted he “knew it was a longshot possibility.”
Furthermore, in 1999, respondent was publicly reprimanded by the disciplinary board after he pled no contest to a misdemeanor charge of unauthorized use of a movable valued at less than $1,000. This criminal charge resulted from respondent stealing property from a client.
In summary, after considering respondent’s prior disciplinary offenses, pattern of misconduct, refusal to acknowledge the wrongful nature of his conduct, the vulnerability of the victim (his older father), and the fact that the recipient of the altered MRI was the client he represented on drug charges, I respectfully dissent, firmly believing respondent should be permanently disbarred.